REISER, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 10—May 11, 1926.*

*Criminal law: Violation of state prohibition law: Consent to search of automobile: Liquor caught by witness from jugs broken in automobile collision.*

1. One who knows his constitutional rights and gives express consent to a search of his automobile cannot afterwards be heard to object to the introduction of evidence so obtained in a prosecution for possessing illicit liquor. p. 250.
2. Moonshine whisky caught by a witness as it escaped from broken jugs in the defendant's automobile, which had overturned in a collision, is admissible in such a prosecution. p. 251.

ERROR to review a judgment of the circuit court for Fond du Lac county: A. H. REID, Judge. *Affirmed.*

Plaintiff in error, defendant below, was charged with the unlawful possession of privately manufactured distilled intoxicating liquor, and the jury found him guilty. A prior conviction for a violation of the prohibition act was alleged and proven.

The defendant with his wife drove his Essex car, with several jugs and a bottle in the same, as to the contents of which there was a dispute, from his home near Chilton in Calumet county, some thirty miles from Fond du Lac. Near said city his car overturned in a collision. The jugs and bottle in his car were broken and the contents spilled into and out of the car. His wife and he were slightly injured and afterwards drove towards Fond du Lac, and stopped beside the road and were throwing into the lake pieces of the broken jugs from the car. An officer who had been informed of the accident went to the place where the same had occurred, was given a description of the car, and testified he smelled intoxicating liquor on the ground there. He then saw defendant engaged as above stated, and directed him to cease throwing, claiming to have detected an odor of liquor at some distance from the car. He notified the defendant he was under arrest, directed him to drive to the jail, and after arriving there the district attorney came.

There was testimony to the effect that the defendant was notified by the district attorney of his being such officer, that defendant need not make any statement concerning the affair, and that then defendant, upon the request of the district attorney, consented that the automobile, then standing in the jail yard, might be searched. Such search was made and a rug in the bottom of the car was found saturated with a liquid, some of which was squeezed out, and upon examination was testified to as being a distilled liquor or diluted alcohol.

A witness at the place of collision testified to having caught some of the liquid escaping from the car on to the

highway and bringing the same to the sheriff's office. A chemist testified that such was moonshine whisky. Defendant testified that the jugs contained cider and that the bottle was partly filled with denatured alcohol kept for his radiator.

After motions made by defendant after trial he was sentenced to three months hard labor at the county jail, with a fine of $500 and costs.

To review such judgment this writ of error.

For the plaintiff in error there was a brief by *Duffy & Duffy* of Fond du Lac, and oral argument by *F. Ryan Duffy*.

For the defendant in error there was a brief by *James Murray*, district attorney of Fond du Lac county, the *Attorney General*, and *J. E. Messerschmidt*, assistant attorney general, and oral argument by *Mr. Murray* and *Mr. Messerschmidt*.

ESCHWEILER, J.     Defendant assigns as errors that his arrest on the highway by the officer without a warrant was unlawful; that the use as evidence against him of the contents of the liquid found in his car when searched at the county jail was improper and should have been suppressed; and that there was no proof that the liquor claimed to have been found was fit for beverage purposes.

We deem it unnecessary to determine in this case whether or not the arrest by the officer without a warrant while defendant had stopped his car on the roadside was legal or a justifiable arrest.

The trial court instructed the jury that they should not consider the evidence as to the contents of the liquid testified to as having been found in the floor of the car when the latter was examined in the jail yard unless they were first satisfied that the defendant had given his consent to such search. Of such an instruction the defendant cannot complain, for one knowing of his constitutional rights and giving express consent to the making of a search cannot

afterwards be heard to object to the introduction of evidence so obtained. *Welch v. State,* 184 Wis. 296, 199 N. W. 71.

The evidence in the shape of the liquid obtained at the place of the accident was properly received and no valid objection can be interposed to its reception and was sufficient of itself to support the conviction. It presented a situation in conflict with that testified to by defendant and his wife, was a question for the jury, and we cannot overturn their conclusion under the record before us.

We have considered the other matters urged by defendant but find no prejudicial error, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.