OPANCHAR, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 10—December 4, 1928.*

456

For the plaintiff in error there was a brief by *Brennan, Lucas & McDonough* of Milwaukee, and oral argument by *Martin L. Brennan* and *G. L. McDonough*.

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *A. J. Beyer,* deputy district attorney, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Beyer* and *Mr. Perry.*

The following opinion was filed December 4, 1928:

ROSENBERRY, J.   The verdict is challenged on the ground that there is not sufficient evidence to support it, and it is discussed with reference to the four elements necessary to sustain a conviction as set forth in *Maxon v. State,* 177 Wis. 379, 187 N. W. 753.   We have given a bare outline of the facts.   No useful purpose will be served by setting forth the evidence in detail, which supports the verdict of the jury. Suffice it to say that we have given the record very careful attention and are convinced that every element of the crime of manslaughter in the first degree is established by evidence from which the jury could find beyond a reasonable doubt that the defendant was guilty.

The defendant assigns error upon the trial as grounds for reversal.   We do not find it necessary to discuss all of these. The defendant contends that he was prejudiced because the court admitted evidence as to what he did following the killing of the boy.   This evidence was clearly admissible as characterizing the defendant's attitude of mind at the time of

the killing and was so connected with the events as to be a part of the whole transaction. It is also claimed on behalf of the defendant that he was prejudiced because a statement made by him to the district attorney and taken down in his presence and transcribed by a stenographer was taken by the jury to the jury room along with other exhibits in the case. The main facts are so fully established by the evidence in chief that any statements contained in the so-called confession taken by the jury to the jury room could have but little bearing upon the determination of the jury. If an error, it cannot in any way be prejudicial to the defendant.

We have examined all of the assignments of error and it is considered that there is abundant evidence to sustain the verdict and that no error prejudicial to the defendant was committed upon the trial.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on February 5, 1929.