Post, Plaintiff in error, vs. The State, Defendant in error.

*November 10—December 4, 1928.*

458

The cause was submitted for the plaintiff in error on the brief of *Walker & Christenson* of Lancaster, and for the defendant in error on that of *R. M. Orchard,* district attorney of Grant county, the *Attorney General,* and. *J. E. Messerschmidt,* assistant attorney general.

The following opinion was filed December 4, 1928:

ESCHWEILER, J.   After the trial and sentence in this case, this court, in *Glodowski v. State,* 196 Wis. 265, 220 N. W. 227, held a search warrant similar in form to the one presented here invalid because it appeared from the record that the judicial officer had before him no proper testimony on oath as a basis for its issuance.   If the objection there interposed had been submitted to the court below here it would have required a similar ruling.   The general rule, however, has long been recognized that certain constitutional, as well as statutory, rights and privileges are waived unless they are asserted at the proper time and in proper manner.   It was so held as to arraignment and plea in *Hack v. State,* 141 Wis. 346, 353, 124 N. W. 492; as to place of trial and procedure, in *Oborn v. State,* 143 Wis. 249, 259, 126 N. W. 737, an exception, however, being recognized as to jury trials, *State v. Smith,* 184 Wis. 664, 669, 200 N. W. 638; as to search, in *Reiser v. State,* 190 Wis. 248, 250, 208 N. W. 797 ; as to self-incrimination, in *State v. Lloyd,* 152 Wis. 24, 29–31, 139 N. W. 514; and as to legislator's privilege from arrest, in *State ex rel. Isenring v. Polacheck,* 101 Wis. 427, 432, 77 N. W. 708.

If such constitutional safeguards may be waived and the right to thereafter assert them wholly lost, it properly follows that a specific objection which might have been but

was not timely and properly asserted before the trial court, may be deemed waived if first asserted, as in the present case, on appeal.

We find no force in the other objection here urged and overruled in the court below to the proceeding to trial because of no preliminary examination as to the fourth charge in the information alleging a prior conviction and which first appeared in the record after plaintiff in error had been bound over to the circuit court. *Watson v. State*, 190 Wis. 245, 248, 208 N. W. 897. We find no grounds, therefore, for disturbing the rulings of the court below.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on February 5, 1929.