18

CIOLOCOMIO, Plaintiff in error, vs. THE STATE, Defendant in error.

FARBER, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 8, 1928—January 8, 1929.*

For the plaintiffs in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the defendant in error there was a brief by *Frank B. Keefe,* district attorney of Winnebago county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Keefe* and *Mr. Messerschmidt.*

The following opinion was filed January 8, 1929:

ESCHWEILER, J.   Although on the trial of this case in April, 1927, the objections interposed as to the reception of any evidence obtained by the search warrant were based upon general allegations of violations of the constitutional rights of the defendants, yet but one feature or point was then presented to and urged before the trial court, and that was, as stated above, of the alleged want of power in the clerk of the municipal court to issue such warrant, and that point alone was presented here and held not well taken under the questions certified to us by the circuit court in this and the companion case of *State v. Van Brocklin,* 194 Wis. 441, 217 N. W. 277, and disposed of in the former decisions.

It is now sought to have error declared in the rulings of the trial court under the general objections to the search warrant upon an entirely independent proposition now first urged, and unquestionably because of the holding of this court in the case of *Glodowski v. State, supra.*

The defendants had full opportunity to present to the trial court on the trial of this case the objection which is

now being first urged and predicated upon the holding in the *Glodowski Case.* Having had such an opportunity to assert such particular constitutional objection, yet having failed timely and properly to assert it, we must hold that such objection was waived by reason of such failure to assert it. Such holding is required by what has just been held in the case of *Post v. State,* 197 Wis. 457, 222 N. W. 224, decided December 4, 1928.

It is further contended that defendant is immune from prosecution and conviction in this case because of his having testified, as a witness for the State, in the prosecution of one Van Brocklin, whose trial was had on the preceding day. The information upon which the two defendants here and Van Brocklin were respectively brought to trial involved substantially the same transactions and followed the one and the same search warrant above mentioned. This claim of immunity is based upon sec. 165.27 of the Prohibition Law, providing that no person shall be prosecuted or subjected to any penalty or forfeiture on account of any transaction as to which, in obedience to a subpœna and under oath, he may testify or produce evidence.

The record, however, discloses that he was fully advised by the trial court when he was called as a witness in the *Van Brocklin Case,* concerning his rights and privileges under such statutory provision, but he proceeded with his testimony without asserting on his own behalf in any manner his privilege or in any manner then claiming that his testimony so being given would entitle him to such statutory immunity. Having so failed to assert his right, he must be deemed to have waived it, as held in *State v. Grosnickle,* 189 Wis. 17, 26, 206 N. W. 895; *Post v. State,* 197 Wis. 457, 222 N. W. 224, *supra.*

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on March 5, 1929.