HANSEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 19—October 7, 1952.*

*Lester J. Knuese* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, *William J. McCauley,* district attorney of Milwaukee county, and *Aladin A. De Brozzo,* deputy district attorney, and oral argument by *Mr. Platz* and *Mr. De Brozzo.*

FAIRCHILD, J. The point sought to be raised by the defendant's motion to quash is not before the court on this appeal. Sec. 355.09, Stats. 1947; *State v. Warfield,* 184 Wis. 56, 198 N. W. 854; *Post v. State,* 197 Wis. 457, 222 N. W. 224; *Ciolocomio v. State,* 198 Wis. 18, 222 N. W. 825. Although defendant was in court with his attorney several different times, no constitutional objection was asserted until after the trial had begun and the jury had been selected. There was no abuse of discretion on the part of the trial court, and there was no error committed in making the ruling complained of. The arresting officer testified in substance that, having been admitted to the house by the mother of the defendant, the officers talked with the defendant where he lay near his clothing, saw plaster dust or particles on the floor which corresponded with the type of plaster which had been knocked off the casing of the door in the drugstore, and having noted this, placed him under arrest. He was then taken to the police station where the officers found in his pocket a key and a coupling. Each was identified as having been in the drugstore, the key belonging to the store, and the coupling belonging to the janitor. These items just referred to were offered in evidence. There had been no previous motion to suppress any evidence, and when offered there was no objection to their being received. The argument advanced by the defendant attacks the ruling made by the court in denying a motion to quash the information. We hold under the circumstances shown to exist that any objection to the prosecution and the sufficiency of the information not having been raised before the impaneling of the jury, the right to object to the prosecution had been waived. The question raised by the motion to quash not being properly before the court, and the evidence showing beyond a reasonable doubt the guilt of the defendant, the judgment must be affirmed.

*By the Court.*—Judgment of the municipal court of Milwaukee county is affirmed.