No. 58,335

STATE OF KANSAS, *Appellee,* v. PATRICK T. MCQUILLEN,
*Appellant.*

(721 P.2d 740)

Opinion filed
July 18, 1986.

*Ronald E. Wurtz,* of Topeka, argued the cause and was on the brief for
appellant.

*Sue Carpenter,* assistant district attorney, argued the cause, and *Robert T.
Stephan,* attorney general, *Gene M. Olander,* district attorney, and *Debra A.
Vermillion,* legal intern, were with her on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: The defendant, Patrick T. McQuillen, was con-
victed by jury trial in Shawnee District Court of rape, K.S.A.
21-3502, and aggravated sodomy, K.S.A. 21-3506. The offense
occurred on November 13, 1982. The trial took place after re-
mand from our court, *State v. McQuillen,* 236 Kan. 161, 689 P.2d
822 (1984). The defense was consent.

The facts need not be set forth since the only issue presented
on appeal is whether the testimony of a psychiatrist concerning
rape trauma syndrome was admitted without proper foundation.
At the outset, it will be helpful to review our previous holdings
on the subject of rape trauma syndrome evidence. In *State v.
Marks,* 231 Kan. 645, 647 P.2d 1292 (1982), we held unanimously
that qualified expert psychiatric testimony regarding the exis-
tence of rape trauma syndrome is relevant and admissible when
the defendant is charged with rape and the defense is consent.

Additionally, we noted that the so-called rape trauma syndrome is generally accepted to be a common reaction to sexual assault. Finally, we held that the admission of expert testimony under our rules of evidence lies within the sound discretion of the trial court, and the trial court's decision will not be reversed on appeal unless it is shown that discretion was abused. The expert who testified in *Marks* was Dr. Herbert Modlin, a board certified psychiatrist and neurologist who practices psychiatry and teaches at the Menninger Foundation. Dr. Modlin was also the expert in the case now before us.

In *State v. McQuillen*, 236 Kan. 161, by a divided court, we followed our holding in *Marks* and held that an expert may testify that the patient/victim does possess and exhibit the emotional and psychological trauma consistent with rape trauma syndrome. In *State v. Bressman*, 236 Kan. 296, 689 P.2d 901 (1984), we held that *Marks*, while holding that evidence of the existence of rape trauma syndrome is relevant and admissible, does not authorize the expert to testify that, in his or her opinion, the complaining witness in the case was raped. Because such testimony had been admitted, we reversed and remanded the case for a new trial.

In *State v. Lash*, 237 Kan. 384, 699 P.2d 49 (1985), wherein the defendant was charged with aggravated indecent liberties with a fifteen-year-old child, the trial court refused to permit the State's psychologist to testify that in his opinion the alleged victim had been sexually molested by the defendant. After acquittal, and on appeal on a question reserved by the State, we denied the appeal, following *Bressman,* and held that the trial court did not err in refusing to permit the psychologist to testify that the victim had been sexually molested by the defendant.

For a similar ruling see *State v. Jackson*, 239 Kan. 463, 721 P.2d 232 (1986), where we reversed convictions of indecent liberties with a child and aggravated criminal sodomy, finding prejudicial and reversible error in permitting expert witnesses to testify that in their opinions the child victim was telling the truth and that in their opinions the defendant committed the acts of molestation with which he was charged.

Defendant first argues here that the testimony of Dr. Modlin should not have been permitted in this case for the reason that Dr. Modlin did not follow established medical procedures in

making his diagnosis. This argument is premised upon a portion of an article written by Dr. Modlin which states:

"It is exceedingly important for the physician to interview spouse and close family members since characteristically the patient is concrete, unimaginative, verbally unproductive and an inept scrutinizer of his own feelings and behavior."

Dr. Modlin testified, upon voir dire by defense counsel, that in this case he did not interview the spouse or close family members. His explanation of this was two-fold: The quoted language pertains to diagnosis of post-traumatic stress disorder in injured workmen; rape trauma syndrome is discussed in a separate section of the article. The paragraph pertains to blue-collar workers with limited education, a class whom Dr. Modlin characterized as tending to be concrete, unimaginative, not very verbal, and not very good witnesses in their own behalf. He explained that this description does not apply to the victim herein because she has above-average intelligence and is very verbal and expressive.

Additionally, he stated that the victim was living with her children. She had no parents, husband, roommate, or other adults living with her and he declined to interview her children about how their mother was reacting to a sexual attack.

At the conclusion of the voir dire of Dr. Modlin, the defense made a motion to exclude his testimony. The trial court overruled the motion, stating that the arguments raised by the defendant went to the weight of the testimony and not to its admissibility. We agree. The witness clearly explained the cited language in the article, described its application and focus, and explained why it did not apply to his evaluation here. As we said in *Marks*, the admissibility of expert testimony is discretionary with the trial court. We find no abuse of that discretion in this case.

Finally, defendant argues that the witness was allowed to pass on the credibility of the victim. He calls our attention to separate passages in the transcript where he contends that Dr. Modlin was permitted to serve as a "lie detector." We note initially that no objection to this testimony was raised at trial and, thus, defendant may not raise this issue on appeal. K.S.A. 60-404. However, in an abundance of caution, we have carefully reviewed cited portions of the record and find no violation of the rules set forth in *Bressman, Lash,* and *Jackson.* The witness did

not testify that in his opinion the victim was telling the truth, or that she was raped, or that in his opinion the defendant committed the acts with which he was charged. He merely testified as to the symptoms and behaviors that are outlined in the literature as being consistent with rape trauma syndrome, and that he observed these symptoms in this victim. His testimony did not exceed the limitations imposed by the cited cases.

The judgment is affirmed.