STATE of Wisconsin, Plaintiff-Respondent,

v.

Charles HASELTINE, Defendant-Appellant.

Court of Appeals

*No. 83–1637. Submitted on briefs March 5, 1984.—*
*Decided June 19, 1984.*
(Also reported in 352 N.W.2d 673.)

For the appellant the cause was submitted on the brief of *Steven P. Weiss,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.    Charles Haseltine appeals his conviction of sexual contact with his sixteen-year-old daughter, in violation of sec. 940.225 (2) (e), Stats.,[1] and of threatening to harm her if she reported the incident, in viola-

---

[1] Section 940.225 (2) (e), Stats., provides:

Second degree sexual assault.  Whoever does any of the following is guilty of a Class C felony:

. . . .

(e) Has sexual contact or sexual intercourse with a person who is over the age of 12 years and under the age of 16 years.

tion of sec. 943.30(1), Stats.[2] He contends that the trial court erred in admitting other crimes evidence; that the rape shield law, sec. 972.11(2)(b), Stats.,[3] barred the admission of the evidence; that the prosecution violated the discovery statute, sec. 971.23(1), Stats;[4] and that the

[2] Section 943.30(1), Stats., provides:

Threats to injure or accuse of crime. (1) Whoever, either verbally or by any written or printed communication, maliciously threatens to accuse or accuses another of any crime or offense, or threatens or commits any injury to the person, property, business, profession, calling or trade, or the profits and income of any business, profession, calling or trade of another, with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do any act against the person's will or omit to do any lawful act, is guilty of a Class D felony.

[3] Section 972.11(2)(b), Stats., provides:

(b) If the defendant is accused of a crime under s. 940.225, any evidence concerning the complaining witness's prior sexual conduct or opinions of the witness's prior sexual conduct and reputation as to prior sexual conduct shall not be admitted into evidence during the course of the hearing or trial, nor shall any reference to such conduct be made in the presence of the jury, except the following, subject to s. 971.31(11):

1. Evidence of the complaining witness's past conduct with the defendant.

2. Evidence of specific instances of sexual conduct showing the source or origin of semen, pregnancy or disease, for use in determining the degree of sexual assault or the extent of injury suffered.

3. Evidence of prior untruthful allegations of sexual assault made by the complaining witness.

[4] Section 971.23(1), Stats., provides:

Discovery and inspection. (1) Defendant's statements. Upon demand, the district attorney shall permit the defendant within a reasonable time before trial to inspect and copy or photograph any written or recorded statement concerning the alleged crime made by the defendant which is within the possession, custody or control of the state including the testimony of the defendant in an s. 968.26 proceeding or before a grand jury. Upon demand, the district attorney shall furnish the defendant with a written

trial court erred in admitting a psychiatrist's testimony. The psychiatrist testified that, in his opinion, Haseltine's daughter presented a typical case of intrafamilial sexual abuse and she was an incest victim. Because the court erred in admitting the psychiatrist's opinion that Haseltine's daughter was an incest victim, and because we cannot conclude that the error was harmless, we reverse the judgment and remand this matter to the circuit court for a new trial.

Haseltine was charged with sexual contact for allegedly fondling his daughter's breasts. This allegedly occurred in her bedroom, which Haseltine left only to avoid discovery by another family member. He was charged with threatening to injure his daughter because he allegedly struck and kicked her and threatened her with death if she told anyone that he had been sexually abusing her. The state sought to show that these two incidents were part of a pattern of sexual and physical abuse by Haseltine against family members.

Haseltine's daughter testified that over a two-year period, Haseltine repeatedly had sexual intercourse with her, sometimes more than once a week. She also testified that Haseltine had beaten other family members. Haseltine's older daughter testified that when she was thirteen years old, Haseltine had once entered her bedroom and fondled her breasts. Finally, the state presented a psychiatrist's testimony concerning the pattern of behavior exhibited by incest victims.[5] The psychiatrist was also

summary of all oral statements of the defendant which he plans to use in the course of the trial. The names of witnesses to the written and oral statements which the state plans to use in the course of the trial shall also be furnished.

[5] The psychiatrist testified that he had been personally involved in the treatment of about 12 incest victims and had read the relevant literature on the subject. This qualified him to testify as an expert. See State v. Elson, 60 Wis. 2d 54, 67–68, 208 N.W. 2d 363, 370–71 (1973).

permitted to give his opinion that there "was no doubt whatsoever" that Haseltine's daughter was an incest victim.

This opinion testimony goes too far. Expert testimony should assist the jury. Section 907.02, Stats. The credibility of a witness is ordinarily something a lay juror can knowledgeably determine without the help of an expert opinion. "[T]he jury is the lie detector in the courtroom." *United States v. Barnard,* 490 F.2d 907, 912 (9th Cir. 1973). The opinion that Haseltine's daughter was an incest victim is an opinion that she was telling the truth. There is no indication that Haseltine's daughter had any physical or mental disorder that might affect her credibility. *See Hampton v. State,* 92 Wis. 2d 450, 460–61, 285 N.W.2d 868, 873 (1979). No witness, expert or otherwise, should be permitted to give an opinion that another mentally and physically competent witness is telling the truth. *See State v. Middleton,* 657 P.2d 1215, 1221 (Or. 1983).

We cannot conclude that the error in admitting the opinion testimony was harmless. Haseltine's conviction depended on the jury believing the daughter's testimony. While there was some medical evidence corroborating her testimony that Haseltine had threatened and beat her, her account of the sexual assault was not corroborated by independent evidence. Haseltine's entire defense consisted of witnesses who testified that the daughter was dishonest. Under these circumstances, the psychiatrist's opinion, with its aura of scientific reliability, creates too great a possibility that the jury abdicated its fact-finding role to the psychiatrist and did not independently decide Haseltine's guilt.

Although we reverse Haseltine's convictions, we do not hold that psychiatric or other expert testimony is

inadmissible in incest cases. Depending on the case, the testimony of an expert might aid the jury. For example, an incest victim may not immediately report the incest, or may recant accusations of incest. Jurors might reasonably regard such behavior as an indication that the victim was not telling the truth. An expert could explain that such behavior is common among incest victims as a result of guilt, confusion, and a reluctance to accuse a parent. *Id.* at 1217–21.

Because the case must be remanded for a new trial, we will address some of the remaining claimed errors. We conclude that the trial court correctly admitted the daughter's testimony of other sexual assaults committed on her by Haseltine. *See Hendrickson v. State,* 61 Wis. 2d 275, 280–82, 212 N.W.2d 481, 483–84 (1973). Testimony concerning Haseltine's physical abuse of family members was also properly admitted to show that the victim had reason to believe Haseltine's threats.

On the basis of the record before us, the testimony of the victim's older sister concerning a single ten-year-old fondling incident should not have been admitted. Testimony of prior criminal acts is prejudicial. It happened a long time ago, and there was no particular relevance shown for it. Although this testimony was admissible under *Hendrickson,* motive is not an issue here and we fail to see how the testimony proves any plan or scheme. *See State v. Alsteen,* 108 Wis. 2d 723, 733, 324 N.W.2d 426, 430 (1982) (Abrahamson, J., concurring) ; *State v. Tarrell,* 74 Wis. 2d 647, 662–64, 247 N.W.2d 696, 704–05 (1976) (Abrahamson, J., dissenting). Even relevant evidence should be rejected where its probative value is substantially outweighed by the danger of unfair prejudice. Section 904.03, Stats. On retrial, this testimony should not be admitted unless some additional founda-

tion is established for its relevance and then only after the court exercises its discretion under sec. 904.03.

We find no merit in Haseltine's contention that the rape shield law, sec. 972.11(2)(b), Stats., is applicable to bar evidence of his past sexual conduct with either of his daughters. Courts have generally upheld the constitutionality of applying such statutes only to the victim's sexual acts. *See* Annot., 1 A.L.R.4th 283 (1980). The statute specifically provides that evidence of the past conduct between the defendant and the victim is admissible.[6]

*By the Court.*—Judgment reversed and cause remanded.

CANE, J. (dissenting) The trial court admitted the psychiatric testimony to show why the sexual assault victim "did not report or complain about the matter immediately after the act and for an extended period thereafter." Additionally, the testimony demonstrates that because she matched the psychological profile of an incest victim, she indeed was an incest victim. The majority reasons that because it relates to her credibility, such expert testimony is inadmissible. I disagree. Because the testimony aided the jury in evaluating the credibility of a testifying child and in making a more informed decision, I would affirm the trial court.

The testimony is relevant to whether the incest, in fact, occurred. Simply because it may corroborate her testimony does not make it any more inadmissible than a physician's testimony, after examining an alleged sexual assault victim, that, in fact, a forcible sexual assault occurred. Similarly, we allow psychiatrists to testify whether a person is suffering from a mental illness.

Here, the father denied committing incest, claiming

---

[6] Because the discovery issue will not recur on retrial, we do not address it.

that the daughter was a chronic liar. The psychiatrist was sufficiently familiar with familial sexual abuse and was able to arrive at a diagnosis after a careful and thorough examination of the daughter. If the presence of an incest victim syndrome is detectable and reliable as evidence that incest, in fact, occurred, it is relevant when a father denies that incest, in fact, took place. The expert's opinion is offered as any other evidence, with the expert subject to cross-examination and the jury left to determine its weight.

I would adopt the reasoning of the Oregon and Kansas courts, which permit similar type of psychiatric testimony. *See State v. Middleton,* 657 P.2d 1215 (Or. 1983) ; *State v. Marks,* 647 P.2d 1292 (Kan. 1982). Whether to admit an expert's testimony is within the trial court's sound discretion. I would therefore conclude that the trial court reasonably exercised its discretion in admitting the psychiatric testimony.

Nor would I conclude that the trial court erred in allowing testimony by an older daughter about the father's sexually suggestive misconduct approximately ten years earlier. This was relevant evidence admissible under sec. 904.04(2), Stats., to show a general scheme or plan and motive. *See Hendrickson v. State,* 61 Wis. 2d 275, 282, 212 N.W.2d 481, 483–84 (1973). The court also determined that the testimony's probative value outweighed the prejudice to the defendant. Again, the trial court made a rational exercise of its discretion.