JUSTICE WEBER,
dissenting:
I dissent from the majority holding on Issue I which is whether it was error to admit the testimony of Ann Anderson, a social worker, regarding credibility of a sexual abuse victim.
The majority has emphasized that the complaining witness was almost 17 at the time of trial and used age as the foundation for reversal. It is important to note that the defendant was convicted of molesting his daughter between the years 1980 and 1985. The trial took place in January 1990, essentially ten years after the beginning of the acts in question. While it is true that the complaining witness was almost 17 at trial, it is also true that she was between the ages of 7 and 12 when the offenses occurred.
*487 The majority disapproves of the following testimony:
“Q. And do you have any reason to doubt E.H.’s truthfulness in this case?
“A. No I don’t.
“Q. Has there been anything that you have seen that you are trained in professionally that you use to judge her truthfulness that indicates she is untruthful?
“A. No.”
The majority opinion quotes from State v. Haseltine (1984), 120 Wis.2d 92, 352 N.W.2d 673, 676, where the court said “No witness, expert or otherwise, should be permitted to give an opinion that another mentally and physically competent witness is telling the truth.” Even if we accept the Wisconsin authority, I question that the case is good authority when the actual questions and answers are considered in this case. Initially Ann Anderson had been asked a number of questions which established her expert capacity in this area. Then she was asked if she had any reason to doubt the witness’ truthfulness and answered that she did not. That is not the same as saying the witness had told the truth. It is an application of her professional training to the conduct of the witness. Next she was asked if there was anything in her professional training which she used to judge truthfulness which indicated to her that the witness was being untruthful. To that she answered “no.” Again, this is an application of her professional training to the evaluation of the conduct of the witness. It is not the same as an opinion that the witness was “telling the truth.” I would therefore clearly distinguish from State v. Haseltine.
The testimony established that, as a social worker, Ann Anderson had worked for ten years in the areas of sexual abuse and had handled approximately two sexual abuse cases per month during those ten years. As I review her testimony it was clearly admissible, as it was not so much a specific comment on credibility as an explanation of how the conduct of this girl was consistent with the conduct of a sexual abuse victim.
I believe the facts in this case bring it within the exception referred to by the majority in State v. Scheffelman (1991), [250 Mont. 334,] 820 P.2d 1293. Under that case, the exception can be applied where the child testifies at trial, where the child’s credibility is brought into question, and the expert witness has been qualified. Here the complaining witness did testify at trial and was subject to cross-examination. Here the credibility of the complaining witness was challenged *488 by her mother, her two brothers, and the defendant father, who testified that he had never made any type of improper physical contact and that he had disowned his daughter and she was “out of the family.” I conclude that the evidence clearly establishes that all three elements of the Scheffelman test were met with regard to Ann Anderson.
After concluding that the Scheffelman test has been met, I further conclude there was a clear benefit to the jury as trier of fact in receiving the testimony of Ann Anderson. The first benefit was that it gave some additional basis for evaluating the contradictory testimony on the part of the various members of the family of the complaining witness. The second benefit is that it assisted the jury in its evaluation of the testimony of a 16-17 year old as she related the circumstances of assaults which had occurred ten years earlier. That benefit is strengthened because of the necessity that the jury evaluate the long delay in reporting such assaults of ten years earlier.
I recognize the discomfort on the part of the majority at allowing an expert to testify where the complaining witness is almost 17 years of age, and the argument that this may be an improper strengthening of the testimony of a mentally and physically competent witness. A review of our sexual abuse cases indicates the state of flux of the law of evidence in the State of Montana. I have not found a particular basis for concluding that an expert should not be allowed to testify because the complaining witness is 16-17 years of age. I do not find anything automatic on the age factor, and in particular where the sexual abuse occurred approximately ten years earlier. I believe that the testimony of the expert was of real assistance in this case. The basic reason is that the jury did not have an adequate background based on its own experience to evaluate the contradictory testimony and the testimony of the complaining witness which stretches over a ten-year period and goes back to age 7. The testimony of the expert was helpful to the jury in evaluating testimony by a 16-17 year old as to conduct and responses on her part between the ages of 7 and 12 years of age, an area in which the jury could not be expected to have expertise.
I further suggest that the standard we are setting here will be of questionable value in the future. How is the age standard to be applied? Is it to be based upon an after-the-fact evaluation of a complaining witness? If we have a brilliant 12 year old, capable of good self expression, should a conviction be reversed because of the use of an expert witness? Basically I question the theory of using age *489 alone as a disqualifying factor. Careful analysis may well demonstrate that an expert witness may be of assistance to the trier of fact even where the complaining witness is 17 or older. I have attempted to show that such a careful analysis here clearly demonstrates the very real assistance given by the expert witness to the jury as trier of fact.
I would affirm on this issue.