State of Wisconsin, Plaintiff-Respondent,
v.
Jacob L. Broecker, Defendant-Appellant.
No. 2006AP558-CR.
Court of Appeals of Wisconsin, District II.
March 21, 2007.
Before Snyder, P.J., Brown and Anderson, JJ.
¶ 1 BROWN, J.
Jacob L. Broecker appeals two convictions for repeated sexual assault of the same child. He raises a smorgasbord of issues which he hopes will result in reversal. They are: that inadmissible hearsay permeated his trial; that the jury heard irrelevant and prejudicial evidence about his alcohol and drug use; that the court allowed an unqualified expert to testify; that he was prejudiced by discovery violations; that there exists valid, newly discovered evidence which would materially affect the result if he were retried and that counsel was ineffective. None of these issues have any merit and we affirm.
¶ 2 We begin with the central facts of the case, though we will need to introduce others as we address each claim. Broecker was charged with repeated sexual assaults of two young girls over an approximately two-year period. The statements of the two alleged victims were relayed at trial by a police officer and a social worker who had interviewed them. The girls also testified at trial. The older of the two, nine years old at the time of trial, flatly denied that Broecker had touched her inappropriately, and said she could not remember what she told the police officer about it. The younger, a six-year-old at the time of trial, stated that she had seen Broecker and the older girl engage in sexual activity one time, and also that Broecker had touched her vaginal area, though she subsequently answered "no" when asked if she remembered this happening.
¶ 3 The State then called the police officer and the social worker, each of whom described their earlier conversations with the two girls, in which they said that the girls had described various sexual activities with Broecker in detail. The officer also related Broecker's statement to him that he "probably did do the sexual acts with these girls but that he couldn't remember doing them" because of drinking and drug use.
¶ 4 Broecker first claims that the court erred by allowing the police officer and social worker to testify about their conversations with the two girls. Broecker is correct that the girls' statements fell under the general statutory definition of "hearsay": they were made by the declarants outside of the trial and were offered to prove the matters assertedthat Broecker had engaged in sexual activities with the girls. See WIS. STAT. § 908.01(3) (2005-06).[1] However, the next subsection provides that a prior statement is not hearsay if the declarant testifies at trial and the prior statement is inconsistent with the trial testimony. Section 908.01(4)(a)1. This was plainly the case here, since each of the girls testified at the trial that the sexual activity did not occur or that they did not remember it.[2]See State v. Lenarchick, 74 Wis. 2d 425, 436, 247 N.W.2d 80 (1976) (denial of recollection may be inconsistent with prior statement). Thus, the testimony of the officer and the social worker was admissible under § 908.01(4)(a)1.
¶ 5 Broecker argues that the testimony must still be tested under the residual hearsay exception found in WIS. STAT. § 908.03(24). Broecker is wrong; no such inquiry is required.[3] The trial court did address § 908.03(24) in a series of evidentiary rulings, but this was because it was concerned that some statements testified to by the police officer and social worker might be consistent with the trial testimony of the girls, and thus not admissible under WIS. STAT. § 908.01(4)(a)1. Broecker has identified no "prior consistent statement" falling outside of § 908.01(4)(a)1., and so there is no need to consider whether the statements of the girls also fall within the residual hearsay exception.[4]
¶ 6 Broecker next faults the trial court's response to a discovery violation by the State. During a prosecution offer of proof, it came to light that the police officer witness had made a probable-cause affidavit that had not been provided to the defense. The affidavit stated that one of the alleged victims had told the officer she had a secret with Broecker and that Broecker had told her he would go to jail if she told the secret. Broecker's counsel argued, as he had throughout the trial, that the officer's testimony was inadmissible hearsay, but he did not ask to have the testimony excluded because of the discovery violation. Only during a subsequent break, after the testimony about the facts described in the affidavit had already been given before the jury, did Broecker's counsel move to strike it. The court refused, but allowed Broecker to recall the girl to ask whether she had made the statement.
¶ 7 Broecker argues that the State should have shared the officer's affidavit with the defense under WIS. STAT. § 971.23(1)(e), and we agree. It was a relevant written statement of the officer, a witness for the prosecution's case in chief. Broecker goes on to argue that the proper remedy for the state's violation is the exclusion of the officer's testimony about the girl's secret with Broecker. We need not address whether this remedy is compelled by § 971.23(7m)(a) because Broecker waived any right to it by failing to ask for it when the memo first came to light. State v. Waites, 158 Wis. 2d 376, 390, 462 N.W.2d 206 (1990) ("[A]n objection must be made as soon as the opponent might reasonably be aware of the objectionable nature of the testimony." (citation omitted)).
¶ 8 Broecker next claims that he was denied the effective assistance of counsel because of two alleged mistakes his attorney made. He argues that his counsel should have objected to the State's elicitation of evidence regarding his use of alcohol and drugs and should also have objected when the police officer testified on children's difficulties in recalling dates because this was "improper expert testimony." Neither claim has merit because neither objection would have succeeded. See State v. Simpson, 185 Wis. 2d 772, 784, 519 N.W.2d 662 (Ct. App. 1994) (no ineffective assistance where attempt to exclude evidence would have failed).
¶ 9 The testimony about alcohol and drug use came from Broecker's wife, who stated that around the time of the alleged assaults, Broecker was using drugs and drinking "a lot" and "in spurts." Broecker's attorney objected to some of the testimony as irrelevant, but Broecker now claims that he should have objected that the testimony's relevance was outweighed by its prejudicial effect under WIS. STAT. § 904.03.
¶ 10 Whether to admit evidence under Wis. Stat. § 904.03 is within the discretion of the trial court. See State v. Hibl, 2006 WI 52, ¶ 48, 290 Wis. 2d 595, 714 N.W.2d 194. The circuit court concluded at the postconviction hearing that it would not have excluded the testimony had Broecker's counsel objected under § 904.03. Broecker cites Walsh v. Wild Masonry Co., Inc., 72 Wis. 2d 447, 456, 241 N.W.2d 416 (1976), in which the court held that evidence of alcoholism was properly excluded as more prejudicial than probative. In that case, the plaintiff was a worker injured in a workplace accident and the defendant employer sought to introduce evidence of the worker's alcoholism. Id. at 449, 456. The court noted that there was no evidence that the worker was intoxicated at the time of the accident, and the worker had admitted negligence. Id. at 456. Under these circumstances, evidence of the worker's intoxication was "irrelevant." Id. Here, by contrast, the police officer testified that Broecker told him
that he probably did do the [assaults] but that he couldn't remember doing them. He ... blamed ... the fact that he couldn't remember doing them on the fact that he had been going through a whole period of depression and he had been having a lot of drinking and heavy drug use. And he said that he had ... days at a time that he couldn't remember anything that had happened the day before. And so he never said that he did do them, but he did say that if it did happen he probably did do them during those times when he couldn't remember during what he called blackouts.
The existence and extent of Broecker's drug and alcohol use during this period is therefore clearly relevant to assessing the credibility of his confession to the police officer. Further, the fact that Broecker's own admission of drug and alcohol use was already before the jury minimized any possible prejudicial effect that Broecker's wife's testimony might have had. Broecker speculates that the jury might have concluded that because he was a drinker and a drug user, he was also a child molester; and that the jury should at least have been given some sort of limiting instruction to cure this. He cites no authority for this claim, and it does not logically follow that if a person uses alcohol or drugs, a jury would consider the person to be a child molester. In any case, he did not question trial counsel about the failure to ask for a limiting instruction at the postconviction hearing; it is therefore waived. See State v. Elm, 201 Wis. 2d 452, 463, 549 N.W.2d 471 (Ct. App. 1996).
¶ 11 Broecker also claims that his attorney should have objected when the police officer testified
Q. In your experience in talking to children of that age and about these things is that usual or unusual that they can't tell you specific dates or numbers of times, things like that?
....
A. It's not unusual that a child is not able to recall a specific date that it occurred....
Q. Based on your training and experience ... would it be fairly typical that especially where there are multiple occasions that it would be harder for a child to remember a specific incident or start putting them together? Is that ... common?
A. According to my training it would be common that it would be difficult for a child to differentiate between different times.
¶ 12 Broecker calls this testimony "quasi-expert" and says that it was "not proper," but does not cite a single case in support of his argument. Even if we accept that the officer offered an expert opinion, he was qualified to do so. Broecker argues that the officer is not a child psychologist. But the expert witness statute does not require a formal degree as a qualification; rather, a witness may be qualified "by knowledge, skill, experience, training, or education." Wis. Stat. § 907.02; see also State v. Hollingsworth, 160 Wis. 2d 883, 896, 467 N.W.2d 555 (Ct. App. 1991) ("A person may be an `expert' under this rule based on experience alone .... The question is whether he or she knows something beyond that which is generally known in the community."). The officer was a school resource officer who had significant experience and training in issues related to his job, including the investigation of child sexual assault cases and child interviewing techniques. Broecker complains that the officer was not asked whether his opinions were to a reasonable degree of certainty, but "an expert witness need not use any specific language in giving an opinion, as long as his or her testimony is not speculative." Castaneda v. Pederson, 176 Wis. 2d 457, 474, 500 N.W.2d 703 (Ct. App. 1993), rev'd in part on other grounds, 185 Wis. 2d 199, 518 N.W.2d 246 (1994). Broecker also asserts, again without citing any authority, that the officer improperly commented on the truthfulness of another witness. See State v. Haseltine, 120 Wis. 2d 92, 95-96, 352 N.W.2d 673 (Ct. App. 1984) (improper for a psychiatrist to testify that there was no doubt that alleged victim was an incest victim). Our review of the transcript reveals that the officer did no such thing. He was qualified to opine as he did, and so, as the circuit court stated, objection would have been fruitless and there was no ineffective assistance of counsel. See Simpson, 185 Wis. 2d at 784.
¶ 13 Broecker also argues that he is entitled to a new trial because of newly discovered evidence. This evidence consists of the testimony of a social worker, who related second- and third-hand accounts of what she considered troubling interviewing techniques by the police and social workers of Fond du Lac county, including the policeman and social worker who testified at Broecker's trial. Significantly, however, the social worker testified that the victims in this case did not provide any information to her about interviewing techniques, despite the fact that she had provided treatment to both of them. She also had heard no complaints from the families of the victims, except that the social worker was spending too much time with one of them. As the circuit court properly held, this information does not come close to establishing a reasonable probability that a different result would be reached at a new trial. State v. Coogan, 154 Wis. 2d 387, 394-95, 453 N.W.2d 186 (Ct. App. 1990).
¶ 14 Broecker finally argues that even if none of the alleged errors merit reversal alone, the combination of all of them establishes "cumulative prejudice." See State v. Zimmerman, 2003 WI App 196, ¶ 34, 266 Wis. 2d 1003, 669 N.W.2d 762; State v. Thiel, 2003 WI 111, ¶ 59, 264 Wis. 2d 571, 665 N.W.2d 305. As the State aptly points out, "[z]ero plus zero equals zero." Mentek v. State, 71 Wis. 2d 799, 809, 238 N.W.2d 752 (1976).
By the Court.  Judgment and order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2005-06 version unless otherwise noted.
[2] The officer's testimony also involved a "double-hearsay" statementthe younger girl told the officer that the older girl had told her about sexual activity with the defendant. The statement was admissible because each of the "levels" of potential hearsay was inconsistent with the girls' trial testimony: the younger girl who allegedly relayed the statement to the officer testified at trial that she did not recall the older girl telling her about any sexual activity with the defendant and, as discussed above, the older girl testified that no such contact occurred. See WIS. STAT. § 908.05 (hearsay not excluded "if each part of the combined statements conforms with an exception to the hearsay rule provided in this chapter").
[3] Citing no authority, Broecker argues that a "mechanistic application" of the prior inconsistent statement rule would result in "clear abuse" because "a party in a dispute could simply bring forward any available `witness for hire' to contradict a previous witness's testimony." Certainly, a nefarious litigant could abuse the prior inconsistent statement hearsay exception, and indeed could violate or manipulate most any rule. This does not make the rule itself suspect, and Broecker has alleged no such "clear abuse" in this case.
[4] Broecker also mentions, but does not elaborate upon, the Sixth Amendment right to confront one's accusers. There is no confrontation issue here because the girls testified at the trial and were subject to cross-examination. See Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004) ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his [or her] prior testimonial statements.").