REBECCA GRASSL BRADLEY, J.
¶ 63. (concurring). I join the majority opinion's reversal of the decision of the court of appeals and also join its ineffective assistance analysis in part F. I write separately for two reasons: (1) this case should have been analyzed only under the ineffective assistance test, and (2) the third factor the majority uses to support its Haseltine analysis signals a change in the law where none was intended.
I
¶ 64. Maday's issues should be reviewed only under an ineffective assistance of counsel analysis because his trial counsel: (1) failed to object when the prosecutor asked Gainey the two questions Maday argues violate Haseltine, and (2) withdrew an objection to the questions on Maday's use of weapons and force training. See State v. Carprue, 2004 WI 111, 274 Wis. 2d 656, ¶¶ 36-47, 683 N.W.2d 31 ("[A]bsence of any objection warrants that we follow 'the normal *199 procedure in criminal cases,[1] " which is to address the alleged error "within the rubric of the ineffective assistance of counsel." (quoted and cited sources omitted)); see also Kimmelman v. Morrison, 477 U.S. 365, 374-75 (1986) (in absence of objection, error should be analyzed under ineffective-assistance-of-counsel standards, even when error is of constitutional dimension). The majority analyzed the Haseltine issue on the merits, independently from an ineffective assistance review, and after deciding the merits of the Haseltine issue, proceeded to analyze ineffective assistance. I disagree with this approach for many of the reasons this court expressed in Carprue. It also unnecessarily lengthens the opinion and may lead to problematic consequences. In particular, this court's use of an altered standard of review in unobjected-to error cases could create a lack of certainty for the bench and bar as to when a case like Maday's will be limited to ineffective assistance review and when an unobjected-to error will be decided on the merits. The majority opinion's independent Haseltine analysis worked here because it concluded there was no Haseltine violation. If the majority opinion concluded Haseltine was violated, what would have been the next step? Under the proper ineffective assistance review, our analysis would proceed to the second prong of the ineffective assistance test.
¶ 65. Although this court may in limited situations overlook a forfeited or waived issue, see State v. Long, 2009 WI 36, ¶ 44, 317 Wis. 2d 92, 765 N.W.2d 557 (this court may address a waived issue in certain circumstances); see also Carprue, 274 Wis. 2d 656, ¶¶ 36-39 (discussing reasons why this court is reluctant to overlook non-objected-to error in criminal cases), the majority does not explain why it did not *200 follow this court's normal procedure of limiting our review to ineffective assistance.
¶ 66. Our review under the ineffective assistance test requires a defendant to show: (1) deficient performance; and (2) prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Jenkins, 2014 WI 59, 355 Wis. 2d 180, f ¶ 35-37, 848 N.W.2d 786. To prove deficient performance, Maday must show specific acts or omissions by trial counsel that are "outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 690. To prove prejudice, Maday must demonstrate his trial counsel's errors were so serious that he was deprived of a fair trial and a reliable outcome. See id. at 687. To satisfy the Strickland prejudice prong, Maday "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." See id. at 697. We need not address both deficient performance and prejudice if Maday fails to prove either one. See id. at 697. This court's review of ineffective assistance claims presents mixed questions of law and fact: (1) findings of facts will not be disturbed unless clearly erroneous, and (2) the legal conclusions "of whether counsel's performance was deficient and prejudicial to the defense are questions of law which this court reviews independently." State v. Johnson, 153 Wis. 2d 121,127-28, 449 N.W.2d 845 (1990).
¶ 67. The majority opinion followed our normal procedure in reviewing Maday's weapons-training claim by analyzing that claim only under ineffective assistance. As noted, I join that part of the majority's opinion. My analysis focuses on the alleged ineffective *201 assistance based on a violation of Haseltine. I conclude Maday failed to establish ineffective assistance here because his trial counsel's decision to withhold objections to the two questions asked of Gainey during cross-examination was not outside the wide range of professionally competent assistance and therefore not deficient. This was not deficient performance because, as the majority explains at great length,[1] the answers did not cross the Haseltine line. The Haseltine rule provides: "No witness, expert or otherwise should be permitted to give an opinion that another mentally and physically competent witness is telling the truth." State v. Haseltine, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984). Asking Gainey whether she saw any indications, during the cognitive graphic interview of K.L., that K.L. had been coached or was not being honest did not elicit a subjective opinion that K.L. was telling the truth or that the sexual assault occurred. Gainey did not convey to the jury that she personally believed K.L.'s testimony or that Maday committed the sexual assaults. Gainey's testimony was limited to her observations that during the cognitive graphic interview, she saw no indications of coaching or suggestions of dishonesty. This testimony does not cross the Haseltine line and is permissible. See State v. Krueger, 2008 WI App 162, ¶ 14, 314 Wis. 2d 605, 762 N.W.2d 114 (explaining that precedent and logic both support permitting "expert testimony on typical signs of whether a child has been coached or evidences suggestibility and whether the complainant child exhibits *202 such signs"). Because the failure to object was not deficient, it is not necessary to analyze whether the failure to object prejudiced Maday.
II
¶ 68. My second concern with the majority s Haseltine analysis involves the third factor it uses to support its independent Haseltine analysis: "Third, testimony, such as Gainey's, may assist the jury." Majority op. ¶ 3; see also majority op. ¶ 61.1 have no doubt this is true. Testimony like Gainey's will assist the jury. However, neither party raised a concern under Wis. Stat. § 907.02[2] or argued the testimony would not assist the jury.
¶ 69. Maday raised the issue of whether his counsel should have objected on the basis that Gainey's testimony violated Haseltine—not whether Gainey's testimony satisfied Wis. Stat. § 907.02. My concern is that the majority's use of the "assist the jury" factor may suggest to the bench and bar that this court has changed the Haseltine test. We have not. The Haseltine test remains the same. The majority's use of the "assist the jury" factor was not intended as a stand-alone, independent factor. Rather, the majority *203 declares that Gainey's testimony did not violate Haseltine because all three of the factors it lists in f ¶ 3 and 61 are present here.[3]
¶ 70. For these reasons, I respectfully concur.

 I agree with much of the majority's analysis on the cognitive graphic interview; I also agree with the reasons the majority opinion sets forth in ¶¶ 39-40 as to why Gainey's testimony did not violate Haseltine. See State v. Haseltine, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984).

 Wisconsin Stat. § 907.02(1) limits the admission of expert testimony:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if the testimony is based upon sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case.
(Emphasis added.)

 Although this court discussed Wis. Stat. § 907.02 (1985-86) in State v. Jensen, 147 Wis. 2d 240, 432 N.W.2d 913 (1988), it did so in a very different context. The challenged testimony involved a school guidance counselor testifying that the victim's reactive behavior was consistent with victims of sexual abuse. Id. at 248-49. The defense used the reactive behavior to argue the complainant fabricated the sexual assaults. Id. at 251—52. The State used the testimony to counter that defense, suggesting the reactive behavior was caused by sexual assault. Id. at 252. This court held, in that context, "an expert witness may be asked to describe the behavior of the complainant and then to describe that of victims of the same type of crime, if the testimony helps the jury understand a complainant's reactive behavior." Id. at 257. Maday's case does not present the same context.