**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 11, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1523-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2017CF1510**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

ALEXIS JOEL REYES,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: DENNIS R. CIMPL, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Alexis Reyes appeals a judgment convicting him, after a jury trial, of one count of attempted first-degree intentional homicide as an

act of domestic abuse and one count of first-degree reckless injury by use of a dangerous weapon. *See* WIS. STAT. §§ 940.01(1)(a), 939.32, 968.075(1)(a), 940.23(1)(a), and 939.63(1)(b) (2019-20).[1]  Reyes argues two issues on appeal. First, he argues that the circuit court erroneously exercised its discretion in denying his motion for a mistrial.  Second, he argues that the admission of a police officer's testimony that commented on another witness's credibility constituted plain error entitling him to a new trial.  For the reasons discussed below, we reject these arguments and affirm the judgment of the circuit court.

BACKGROUND

¶2      The criminal complaint alleged that the victim, C.A.R., had been in his basement with his brother, Felix.  Reyes was also present in the house, along with his mother.  C.A.R. went upstairs to retrieve some items and saw Reyes coming toward him on the stairs.  According to the complaint, Reyes stabbed C.A.R. in the torso, arm, chest, and head.  Felix heard a lot of noise and observed C.A.R. coming down the stairs, bleeding profusely.  Felix also saw Reyes standing in the kitchen, holding a knife and saying, "don't call the police."

¶3      After a jury trial, Reyes was found guilty of attempted first-degree intentional homicide, for which he was sentenced to twenty years of initial confinement and seven years of extended supervision, and first-degree reckless injury, for which he was sentenced to ten years of initial confinement and five years of extended supervision.  Reyes appealed.  The appeal began as a no-merit appeal pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and WIS. STAT.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise indicated.

2

RULE 809.32. Upon the motion of Reyes's appellate counsel, we rejected the no-merit report and converted the case to an appeal under WIS. STAT. RULE 809.30.

DISCUSSION

¶4    As we now explain, upon the parties' briefing of the two issues raised on appeal following the rejection of the no-merit report, we conclude that Reyes's arguments as to those issues lack merit.

¶5    First, Reyes argues that the circuit court erred in denying his motion for a mistrial. At the jury trial, Reyes's mother, Liduvina Reyes, testified for the defense. The State's cross-examination of Liduvina included the following exchange:

> Q: Did you tell your son to leave the house after [he]—after he stabbed [C.A.R.]?
>
> THE COURT: Yes or no, ma'am?
>
> A: Well, since [Reyes] was on probation, then Felix went and called the police, [Reyes] got nervous.
>
> THE COURT: Ma'am, the question is did you tell [Reyes] to leave the house? Yes or no?
>
> A: Yes. Because I was nervous. I told him that.

¶6    Outside the presence of the jury, Reyes's trial counsel questioned whether the reference to Reyes being on probation warranted a mistrial. The circuit court determined that there was nothing the State had asked that "would cause the witness to answer that way." The court offered to instruct the jury to disregard the fact that Reyes was on probation but advised against it because, as the court put it, "that is sort of like pointing to that evidence." Trial counsel declined a curative instruction, and it could be reasonably inferred that counsel

3

declined because she did not want to highlight the fact that Reyes was on probation.

¶7      The record does not include any formal motion for a mistrial. Nonetheless, the circuit court proceeded as if Reyes's trial counsel had made such a motion, and denied the request for a mistrial. On appeal, Reyes argues that the denial was an erroneous exercise of the circuit court's discretion. *See **State v. Sigarroa***, 2004 WI App 16, ¶24, 269 Wis. 2d 234, 674 N.W.2d 894 ("The denial of a motion for a mistrial will be reversed only on a clear showing of an erroneous use of discretion by the trial court.").

¶8      A mistrial is not warranted unless, in light of the entire proceeding, the basis for the mistrial motion is sufficiently prejudicial to warrant a new trial. ***State v. Adams***, 221 Wis. 2d 1, 17, 584 N.W.2d 695 (Ct. App. 1998). The party seeking a mistrial has the burden of demonstrating that grounds exist for a mistrial. ***State v. Harrell***, 85 Wis. 2d 331, 337, 270 N.W.2d 428 (Ct. App. 1978). As discussed below, Reyes has not meet this burden.

¶9      Reyes asserts that Liduvina's testimony regarding his probation status was not relevant and was unfairly prejudicial. The State concurs in its respondent's brief that Reyes's probation status was not relevant, and this court agrees that the testimony was not relevant. However, the State disputes Reyes's contention that the testimony at issue was given as a result of the State's questioning. We agree with the State on this point. The record is devoid of any questioning by the State about Reyes's probation status. Thus, we are satisfied that the circuit court's determination that there was nothing the State had asked that "would cause the witness to answer that way" was not clearly erroneous.

¶10    Although the testimony about Reyes's probation status was not relevant, Reyes has failed to meet his burden of showing that the testimony was so prejudicial as to warrant a new trial. *See Sigarroa*, 269 Wis. 2d 234, ¶24. The record shows that, after Liduvina offered the unsolicited fact that Reyes was on probation, the circuit court immediately redirected her testimony and clarified what she was being asked. The court stated, "Ma'am, the question is did you tell [Reyes] to leave the house? Yes or no?"

¶11    In addition, the record contains overwhelming proof of Reyes's guilt, such that the effect of Liduvina's statement, if any, was minimal. The evidence at trial included C.A.R.'s testimony that Reyes stabbed him, as well as Felix's testimony that he saw Reyes holding a knife right after the incident and saw blood on the knife and on Reyes's hand. Felix also testified that he observed Liduvina standing behind Reyes and heard Liduvina "complaining to him about what happened and why he [did] that." In light of the whole proceeding, we cannot conclude that the admission of Liduvina's statement about Reyes's probation status was sufficiently prejudicial to warrant a new trial. *See State v. Pankow*, 144 Wis. 2d 23, 47, 422 N.W.2d 913 (Ct. App. 1988). We conclude that the circuit court did not erroneously exercise its discretion in denying Reyes's motion for a mistrial.

¶12    Reyes also argues that the admission of police testimony that commented on another witness's credibility constituted plain error entitling him to a new trial. At trial, after the defense had rested its case, the State presented rebuttal testimony of police detective Matthew Quist. Quist testified that Liduvina told him that C.A.R. told her that Reyes had stabbed him. When asked about the fact that Liduvina had testified earlier and denied saying that, Quist answered,

"Oh, she absolutely told me that. That's a boldfaced lie." Trial counsel did not object to this testimony.

¶13 Reyes argues that the admission of Quist's testimony about Liduvina's credibility was plain error under *State v. Haseltine*, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984). In *Haseltine*, this court held that "[n]o witness, expert or otherwise, should be permitted to give an opinion that another mentally and physically competent witness is telling the truth." *Id.* The State concedes that defense counsel's failure to object to Quist's testimony about whether Liduvina was telling the truth at trial was plain error. We agree. The plain error doctrine "allows appellate courts to review errors that were otherwise waived by a party's failure to object." *State v. Jorgensen*, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77; *see also* WIS. STAT. § 901.03(4).

¶14 Given our conclusion that defense counsel's failure to object to Quist's testimony about Liduvina's credibility was plain error, the burden then shifts to the State to show that the error was harmless. *See Jorgensen*, 310 Wis. 2d 138, ¶23. An error is harmless when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error. *State v. Harris*, 2008 WI 15, ¶43, 307 Wis. 2d 555, 745 N.W.2d 397. There are several factors to aid in the harmless error analysis, including the frequency of the error, the importance of the evidence that was admitted in error, the presence or absence of evidence corroborating or contradicting the erroneously admitted evidence, whether the erroneously admitted evidence duplicates untainted evidence, the nature of the defense, and the nature and overall strength of the State's case. *State v. Hale*, 2005 WI 7, ¶61, 277 Wis. 2d 593, 691 N.W.2d 637.

¶15    Applying the factors for plain error analysis here, we conclude that the State has met its burden of showing that the error was harmless. The State did not refer to or repeat Quist's testimony that Liduvina had lied, and the testimony did not duplicate any untainted evidence. In fact, the record does not contain any other evidence corroborating or contradicting Quist's statement that Liduvina told a lie when she denied telling Quist that C.A.R. said Reyes stabbed him.

¶16    In addition, Quist's statement was not important because the jury could reasonably conclude that Liduvina's testimony was not credible even without Quist saying so. For example, Liduvina testified that she was the first person to go upstairs and see that C.A.R. had been injured, but her account conflicted with Felix's testimony that he went up first. Liduvina also testified that C.A.R. told her that "something like a dog" attacked him, even though C.A.R. did not say so in his own testimony, nor did Reyes argue as part of his defense that C.A.R. was attacked by a dog. Rather, Reyes's defense was that the State failed to prove beyond a reasonable doubt that Reyes was the person who stabbed C.A.R.

¶17    The State presented ample evidence that Reyes was, indeed, the person who stabbed C.A.R. with a knife. The erroneously admitted testimony from Quist was not integral to the State's case. In addition, C.A.R. testified that he remembered being stabbed, and he identified Reyes in court as the person who did it. C.A.R. testified that, even though he was stabbed in the back from behind, he could tell it was Reyes. C.A.R. testified, "I was able to see him when I tried to take the weapon from his hand, and then he grabbed me by the wrist and threw me on the ground." As discussed above, Felix testified that, when he came upstairs, he observed Reyes holding a bloody knife and saw Liduvina standing behind Reyes, "complaining to him about what happened and why he [did] that." Finally, Quist testified that Liduvina told him that "she saw [C.A.R.] come down the stairs,

7

that he was bleeding profusely from the head, arms and the torso and that he then said to her that, [Reyes] stabbed me." In light of all of the above, we conclude that there is no reasonable possibility that the error in admitting Quist's testimony about Liduvina's credibility contributed to the guilty verdict. *See **Hale***, 277 Wis. 2d 593, ¶60. The error was, therefore, harmless and does not entitle Reyes to a new trial.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.