COURT OF APPEALS
DECISION
DATED AND FILED

April 17, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1298-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF133

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOHN JOSEPH DOPP,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Waushara County: GUY D. DUTCHER, Judge. *Affirmed*.

Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1     PER CURIAM.   John Joseph Dopp, by counsel, appeals a judgment convicting him, after a jury trial, of operating a motor vehicle while under the influence and with a prohibited alcohol concentration, both as fourth offenses, and operating a motor vehicle while his driver's license was revoked.  Dopp argues on appeal that the circuit court erroneously exercised its discretion when it denied his motion for a mistrial.[1]  For the reasons set forth below, we affirm the judgment of the circuit court.

## BACKGROUND

¶2     Dopp's convictions in this case stem from an incident in which Dopp drove a motorcycle off a road and left the scene, leaving the motorcycle in a ditch with its lights on.  An off-duty law enforcement officer contacted the Waushara County Sherriff's Department after he saw the motorcycle in the ditch.  The off-duty officer provided the license plate number of the motorcycle to the sheriff's dispatch.  A run of the registration showed that the motorcycle was registered to Dopp's sister.

¶3     Another officer responded to the scene and observed earbuds, sunglasses, and a cell phone at the scene of the crash.  The responding officer

---

[1]  Dopp's briefs do not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs.  *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover").  This rule was amended in 2021, *see* S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021), because briefs are now electronically filed in PDF format and electronically stamped with page numbers when they are accepted for eFiling.  As our supreme court explained when it amended the rule, the pagination requirement ensures that the numbers on each page of the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief.  *Id.* at x1.

All references to the Wisconsin Statutes are to the 2023-24 version.

asked dispatch to call the telephone number that it had on file for Dopp. When dispatch called the number, the found phone began to ring and displayed the number for the sheriff's department on the caller ID.

¶4 The same officer then went to the residence of Dopp's father to try to locate Dopp. Upon arrival, the officer saw Dopp and his father sitting outside the residence. The officer spoke with both Dopp and his father. The officer observed signs of intoxication in Dopp and proceeded to administer field sobriety tests. Based on Dopp's performance on the field sobriety tests, the officer concluded that Dopp was impaired, and placed him under arrest.

¶5 Dopp was charged with operating a motor vehicle while under the influence and with a prohibited alcohol concentration, as fourth offenses, and operating while revoked. *See* WIS. STAT. §§ 346.63(1)(a) and (b), 343.44(1)(b) and (2)(ar)2. The case proceeded to trial, and a jury returned guilty verdicts on all three counts.

¶6 This appeal concerns a motion for a mistrial made by Dopp's counsel based on two answers provided by the arresting officer in response to questions from the prosecutor. The first of those answers was the officer's testimony that "[t]hrough prior contacts with Mr. Dopp, he's usually not super cooperative." For ease of reference, we will refer to this testimony as the officer's first answer. Dopp's counsel objected to the officer's first answer and moved to strike it. The circuit court sustained the objection and said, "[T]his is getting fixed now." The court then went on to direct the officer to testify to what the officer said to Dopp, not why the officer said it.

¶7 The second answer that formed a basis for Dopp's mistrial motion was given by the arresting officer in response to a question from the prosecutor as

to why the officer made contact with Dopp's father. The officer responded, "I was going to try to confirm whether or not what [Dopp] had told me was the truth or if he was not being honest with me." We will refer to this testimony as the officer's second answer. Defense counsel objected to the officer's second answer as violating *State v. Haseltine*, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984) (stating that a witness may not opine on whether another competent witness is telling the truth).

¶8    The circuit court ordered a recess and heard arguments from the parties outside the presence of the jury. Defense counsel moved for a mistrial on the basis of the two objected-to answers given by the officer. The court determined that the officer's first answer was "out of bounds because it made reference to prior contacts with the defendant in a manner that went beyond the fact that [the officer] knew someone from prior contacts. It offered opinion regarding Mr. Dopp's lack of cooperation—his uncooperative interactions." As to the officer's second answer, the court ruled that the testimony was not a *Haseltine* violation but was "getting close to the line." The court denied the motion for a mistrial.

## DISCUSSION

¶9    Dopp argues on appeal that the circuit court erred in denying his mistrial motion. When deciding a motion for a mistrial, the "court must decide, in light of the entire facts and circumstances, whether the defendant can receive a fair trial. It examines whether the claimed error is sufficiently prejudicial to warrant a mistrial." *State v. Ford*, 2007 WI 138, ¶29, 306 Wis. 2d 1, 742 N.W.2d 61. We review a circuit court's decision on a motion for a mistrial for an erroneous exercise of discretion. *State v. Debrow*, 2023 WI 54, ¶15, 408 Wis. 2d 178, 992

N.W.2d 114. Generally, this court will affirm a discretionary decision as long as the circuit court examined the relevant facts, applied a proper legal standard, and used a demonstrated rational process to reach a reasonable conclusion. *State v. Dorsey*, 2018 WI 10, ¶37, 379 Wis. 2d 386, 906 N.W.2d 158.

¶10 Dopp argues on appeal that the officer's first answer—that Dopp was "not super cooperative" based on "prior contacts"—amounted to impermissible other acts evidence, contrary to WIS. STAT. § 904.04. Generally, Wisconsin law forbids "evidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show that the person acted in conformity therewith." Sec. 904.04(2)(a). Dopp argues that the officer's first answer was prejudicial because it invited the jury to focus on Dopp's character and credibility, and to infer that Dopp was a bad person because he had multiple contacts with police officers in which he had been uncooperative.

¶11 The State on appeal does not directly address Dopp's other acts evidence argument or make any mention of WIS. STAT. § 904.04. The State does, however, concede that the officer's first answer was "an improper opinion and nonresponsive to the question asked." The State goes on to assert that any harm that may have been caused by the first answer was swiftly remedied because the court sustained the objection and redirected the officer's testimony.

¶12 We conclude that the officer's reference to prior contacts with Dopp was not specific or detailed enough to indicate that Dopp committed any other crimes, wrongs, or for that matter any particular acts at all. Dopp cannot show that he was prejudiced by the officer's first answer because, even without it, the jury was made aware of the fact that Dopp had prior contact with law enforcement through Dopp's own testimony that he had been convicted of a crime in the past.

¶13  The jury was also presented with other evidence that provided an independent basis for the jury to infer that Dopp could be uncooperative with officers. For example, when Dopp was asked on cross-examination at trial about what he did when he first saw the arresting officer arrive at his father's residence, Dopp testified that he got up from where he had been sitting on the porch and started walking toward the house to go inside. Dopp did not stop to turn around and face the officer until the officer had yelled his name multiple times. Dopp also testified that he "didn't admit it right away" when he was asked by the officer if he had been driving the motorcycle. In light of this and the other evidence presented at trial, we conclude that the circuit court properly exercised its discretion when it determined that the officer's statement regarding past contacts with Dopp in which Dopp had not been cooperative was "not so prejudicial as to warrant a mistrial." *See Debrow*, 408 Wis. 2d 178, ¶18.

¶14  As for the officer's second answer, in which he stated that he made contact with Dopp's father to determine if Dopp had told the truth, the circuit court properly determined that this answer did not violate *Haseltine*. Under *Haseltine*, 120 Wis. 2d at 96, a witness is generally prohibited from giving an opinion as to whether another competent witness is telling the truth. That is not what occurred here. The officer did not testify that Dopp was untruthful, nor did he opine on Dopp's credibility at trial. The circuit court's ruling that there was no *Haseltine* violation, and that Dopp was not entitled to a mistrial, reflects an appropriate process of reasoning. The court considered arguments from the attorneys for both parties outside the presence of the jury and applied the relevant law, ultimately concluding that the officer's second answer did not violate *Haseltine* but was "getting close to the line." The court cautioned the officer that it did not want any more "editorializing" or "issues of this nature." The officer

confirmed that he understood, and completed his testimony without further objection by the defense. We are satisfied that the steps taken by the court to mitigate the effects of the second answer, in lieu of granting a mistrial, were appropriate for the situation and reflect a proper exercise of discretion. "[N]ot all errors warrant a mistrial and 'the law prefers less drastic alternatives, if available and practical.'" *State v. Givens*, 217 Wis. 2d 180, 191, 580 N.W.2d 340 (Ct. App. 1998) (quoted source omitted).

## CONCLUSION

¶15 In sum, the circuit court's consideration of Dopp's mistrial motion based on the first and second answers reflects a reasonable deliberation based on the applicable legal standards and facts of record. We conclude that the court did not erroneously exercise its discretion in denying the motion.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

7