COURT OF APPEALS
DECISION
DATED AND FILED

January 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1447**

Cir. Ct. No. **2011CF442**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

STANLEY J. MADAY, JR.,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Columbia County: W. ANDREW VOIGT, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Stanley Maday appeals an order denying the postconviction motion that he brought under WIS. STAT. § 974.06 (2017-18).[1] The majority of the claims Maday raises are procedurally barred because they are not "clearly stronger" than the claims he raised in his initial postconviction motion and direct appeal. *See State v. Romero-Georgana*, 2014 WI 83, ¶4, ¶¶45-46, 360 Wis. 2d 522, 849 N.W.2d 668. The remaining claims lack merit. Therefore, we affirm.

## BACKGROUND

¶2    Maday was convicted of three counts of first-degree sexual assault of a child in 2013. With the assistance of postconviction counsel, he filed a postconviction motion and direct appeal under WIS. STAT. RULE 809.30. Maday raised three claims in his motion and appeal: (1) that a social worker improperly vouched for the victim's credibility in violation of *State v. Hazeltine*, 120 Wis. 2d 92, 352 N.W.2d 673 (1984) when she testified about her interview with the victim; (2) that the circuit court improperly admitted irrelevant and prejudicial evidence regarding Maday's training in weapons and use of force; and (3) that Maday's trial counsel had been ineffective for failing to adequately object to the aforementioned evidence. We reversed Maday's conviction because we concluded that his trial counsel was ineffective for failing to object to the social worker's testimony, but our supreme court reversed our decision and affirmed the conviction. *State v. Maday*, 2017 WI 28, 374 Wis. 2d 164, 892 N.W.2d 611.

¶3    Between May 2018 and June 2019, Maday filed a postconviction motion and a series of amended or supplemental motions and related letters, affidavits, and briefs. In these documents, which the circuit court appeared to

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

construe as a single motion for postconviction relief, Maday identifies a litany of claims and argues that they are grounds to reverse his conviction. These claims include, but are not limited to, claims that his trial counsel was ineffective because he had a conflict of interest, he did not call Maday's ex-wife as a witness, he failed to obtain evidence including cell phone records and medical records, he did not call expert witnesses on various subjects, he did not adequately prepare Maday for trial, he failed to move for a directed verdict based on the insufficiency of the evidence, and he failed to object to or impeach the social worker's testimony. Maday argues that his postconviction counsel was ineffective for failing to raise or adequately address these issues in his initial postconviction motion and direct appeal.

¶4     The circuit court denied the motion without an evidentiary hearing. It determined that some of the issues Maday raised had already been decided by the Wisconsin Supreme Court and the remaining issues "lack[ed] significant merit."

## DISCUSSION

¶5     We begin with a discussion of the legal standards applicable to motions like this, in which the defendant, who has already filed a direct appeal, contends that postconviction counsel was ineffective for failing to include certain claims in a prior motion or appeal. We then apply those standards to the claims Maday raised in his current motion. Finally, we address other claims raised in Maday's postconviction motion that are not related to alleged ineffective assistance of counsel and are governed by a different framework.

### I. Pertinent Legal Standards

¶6     Maday's motion is considered a successive motion under WIS. STAT. § 974.06(4), and, therefore, he is required to show a "sufficient reason" that he did

3

not raise these claims in his initial postconviction motion and direct appeal. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-84, 517 N.W.2d 157 (1994); § 974.06(4). Maday argues that his postconviction counsel was ineffective for failing to include these issues in his initial motion. *See Romero-Georgana*, 360 Wis. 2d 522, ¶36 (ineffective assistance of postconviction counsel may constitute a "sufficient reason" under § 974.06(4)). The State cites **Romero-Georgana** for the proposition that Maday is also required to demonstrate that his current claims are "clearly stronger" than his earlier claims on direct appeal. *See id.*, ¶4, ¶¶45-46. Maday appears to agree that this is the proper test.

¶7     The State asserts that Maday's brief does not include "any discussion" of why his current claims are clearly stronger, and that he "does not even attempt to carry this burden." The State further asserts that Maday "does not compare the strength" of his claims, and "does not explain why they are 'clearly stronger'" than his earlier claim.

¶8     The State's assertions about Maday's brief are not entirely accurate. Maday's brief does contain a passage that discusses the "clearly stronger" standard and attempts to apply it to the issues that he raises in his current motion. Among other things, Maday quotes the language from **Romero-Georgana** that the State relies on, and he explains: "One problem with the reasoning in the cited case, regarding comparative strengths of claims, is that there is no hard and fast way of determining the strength of a claim. Where does a defendant find the scales of justice necessary to balance the comparative strength of claims?" Maday asserts that his claims that relate to "actual innocence" are clearly stronger, and that other claims are "just as strong" as the earlier ones.

¶9      Maday asks a fair question about how he should compare the strength of his current claims with his prior claims. Legal issues are not the equivalent of poker hands, in which a three of a kind always beats any pair. It is not apparent what a defendant could say or do to show that his current claims are clearly stronger, other than to argue the merits of the current claims (which Maday does at great length) and assert that they are clearly stronger than the issues his attorney previously raised (which Maday also does, as to at least some claims).

¶10      The State does not attempt to provide any clarity on this point. Apart from its inaccurate assertion that Maday does not discuss or explain why his current claims are clearly stronger, the State does not specify what such a discussion or explanation should contain. The State notes that Maday's earlier claim on direct appeal was held to have merit by this court and by two justices of our supreme court. To the extent the State is suggesting that a litigant or this court should apply a measurement method based on attempting to predict the total number of judges who might find merit in the current claims, that suggestion exposes the lack of genuinely meaningful guidance the State is able to offer.

¶11      For these reasons, we decline to affirm based on the State's assertion that Maday's brief did not attempt to satisfy the "clearly stronger" test. He made more of an effort than the State acknowledges, and expressed reasonable puzzlement that the State did not attempt to clarify.[2]

---

[2] In his reply brief, Maday focuses on the following language from *Romero-Georgana*: "[I]n evaluating the comparative strength of the claims, reviewing courts should consider any objectives or preferences that the defendant conveyed to his attorney. A claim's strength may be bolstered if a defendant directed his attorney to pursue it." *State v. Romero-Georgana*, 2014 WI 83, ¶4, 360 Wis. 2d 522, 849 N.W.2d 668. Maday asserts that he did so here.

¶12    In published cases applying the "clearly stronger" test, our supreme court appears to have concluded that the defendant's current claims were not clearly stronger by reviewing the merits of the current claims. *See, e.g., State v. Starks*, 2013 WI 69, ¶¶66-73, 349 Wis. 2d 274, 833 N.W.2d 146; *Romero-Georgana*, 360 Wis. 2d 522, ¶¶58-64. Interestingly, it appears that we may be required to review the merits of Maday's claims to decide whether we are barred from reviewing the merits of the claims, and under these circumstances, the State's assertion that it need not address the merits of Maday's claims is neither entirely accurate nor helpful to this court.

## II.  Maday's Claims That his Trial Counsel was Ineffective

¶13    Having reviewed Maday's claims, we are satisfied that none of the claims he is currently raising under WIS. STAT. § 974.06 are clearly stronger than the claims he raised previously in his initial postconviction motion and appeal. Although we will not attempt to discuss each of his claims in detail here, we discuss most of them enough to explain their evident lack of strength.

¶14    To establish ineffective assistance of counsel, Maday must show that counsel's performance was deficient and that such performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the court denied Maday's postconviction motion without an evidentiary hearing, we consider whether his motion alleged facts which, if true, would entitle him to relief. *State v.*

---

It is not clear how the strength of the merits of a claim would vary based on whether the defendant expressed a desire to pursue it. Even if we accept that a defendant's past expression of interest somehow adds strength to his current claims and credit Maday's assertion that he made such an expression in his earlier postconviction proceeding, the case law that Maday relies on does not suggest that the "clearly stronger" requirement can be satisfied *solely* by his having told earlier postconviction counsel that he wanted to pursue the claims. We understand the test to still require us to make some comparison of the strength of the claims, regardless of what the defendant may have said earlier.

*Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). This is a question of law we review without deference to the circuit court. *Id.*

¶15 Maday argues that his trial counsel had a conflict of interest because counsel himself had been a victim of child sexual assault. As we understand the argument, Maday appears to be suggesting that this was a conflict of interest because it could have made his attorney sympathetic to the victim in this case, and thus less zealous in his representation. Maday acknowledges case law stating that the defendant must show that the alleged conflict adversely affected counsel's performance. *See, e.g.*, *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). To show this, Maday relies on several acts by his attorney that Maday contends were contrary to his interest. However, Maday does not point to any specific reason to believe that there was a causal connection between those acts and counsel's personal history. Accordingly, he does not adequately allege a conflict of interest.

¶16 Maday argues that his counsel was ineffective by failing to call Maday's ex-wife to testify that he was impotent. Maday contends such evidence would be relevant to showing that he was unable to perform the acts he was charged with "for the purpose of" sexual arousal or gratification. *See* WIS. STAT. § 939.22(34) (defining "sexual contact"). This is not a strong argument for several reasons. One reason is that obtaining an erection is not necessarily the only measure of sexual arousal. Another is that the charged crime must be done for the *purpose* of sexual humiliation, degradation, arousal, or gratification. *Id.* It is not a requirement that arousal or gratification actually be achieved in some demonstrable way.

¶17 Maday argues that his counsel was ineffective by failing to obtain several forms of evidence that Maday asked him to obtain, such as medical records

and cell phone records. He argues that the medical records would have shown that he suffered from erectile dysfunction, but for the reasons explained above, it does not appear that these records would have been relevant to his defense. He also asserts that the cell phone records would have shown that the victim initiated contact with him, and that such behavior is inconsistent with the behavior of a victim of sexual assault. We are not persuaded by Maday's conclusory assertion that the phone record evidence he described would have been relevant to or effective in his defense.

¶18 Maday argues that his trial counsel was ineffective by failing to call expert witnesses on various subjects. However, Maday has not provided evidence of what any such expert would say. Maday is entitled to relief only if he was prejudiced by counsel's performance, and he was prejudiced by counsel's performance only if there was available expert testimony that would have helped his case. Without specific allegations about what the expert testimony would be, Maday has not sufficiently alleged facts which, if true, would entitle him to relief.

¶19 Maday argues that his trial counsel failed to prepare him for trial, but he does not explain how such preparation would have changed his testimony or the outcome at trial.

¶20 Maday argues that his trial counsel was ineffective for failing to move for a directed verdict. He implies that the circuit court would have granted the motion because there was no DNA or medical evidence, and the case came down to a "credibility contest" between Maday and his accuser. Maday cannot show that he was prejudiced because the motion he contends his counsel should have filed would have had little chance of success. Maday cites no authority for the proposition that physical evidence was needed to support his conviction, and courts have repeatedly

held that testimony alone may be sufficient to support a conviction. *See, e.g.*, *State v. Long*, 2009 WI 36, ¶25, 317 Wis. 2d 92, 765 N.W.2d 557.

¶21 Finally, Maday argues that it was error to admit the social worker's testimony because it had no probative value, and that his trial counsel was ineffective for failing to object to its admission or impeach the testimony. This appears to be an attempt to relitigate the expert testimony that was discussed by the court in his direct appeal. *Maday*, 374 Wis. 2d 164, ¶¶37-56. Such an attempt is barred by *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

### III. Maday's Additional Claims

¶22 Maday also advances three additional arguments that, as the State recognizes, are not based on alleged ineffective assistance of counsel of trial and postconviction counsel and are not subject to the "clearly stronger" test. We address these arguments in turn and conclude that they each fail.

¶23 First, Maday argues that he should receive a new trial based on newly discovered evidence. The evidence in question is a science magazine article describing studies of memory and trauma. According to Maday, the studies suggest that trauma survivors remember their experience in great detail. He asserts that these studies could have provided a basis to undercut the victim's credibility by arguing that she should have remembered the events better if they had actually occurred. This argument fails because, among other things, Maday did not develop it in the postconviction motion materials he filed in the circuit court. We do not address issues that are raised for the first time on appeal. *See State v. Brereton*, 2013 WI 17, ¶19, 345 Wis. 2d 563, 826 N.W.2d 369.

¶24     Second, Maday argues that the supreme court's opinion in his direct appeal changed the law relating to testimony by expert witnesses in a way unfavorable to him, and therefore his conviction should be reversed as an ex post facto violation.  However, Maday provides no citation to authority holding that a change in evidence law, as opposed to substantive law, has been held to be an ex post facto violation.  In his attempt to squeeze a change in evidence law into the ex post facto context, Maday refers to the change as a removal of a "defense" available to him.  However, he does not explain how law relating to admission of expert testimony creates or removes any substantive defense to a charge.  We reject this argument as insufficiently developed.  *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶25     Finally, Maday makes a series of arguments that the circuit court erroneously exercised its discretion in denying his postconviction motions.  We have reviewed those issues, and conclude that none of them have merit.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.